CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
December 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CRFM, ET AL.,** | |
| Plaintiffs, | Case No. 1:24CV00065 |
| v. | **OPINION AND ORDER** |
| **GLEN DAVID MOORE, ET AL.,** | JUDGE JAMES P. JONES |
| Defendants. | |

In my recent Opinion and Order resolving the motions to dismiss and for summary judgment, I dismissed or entered summary judgment as to all claims asserted by the plaintiff in the First Amended Complaint except for the claims in Count 2 alleging that defendants Olivia Nickels, Maria Pereira, and Bristol Women's Health, PLLC, committed ordinary negligence. *CRFM v. Moore*, 1:24CV00065, 2025 WL 3016538, at *9 (W.D. Va. Oct. 28, 2025). The plaintiff was granted leave to file a Second Amended Complaint as to those claims dismissed without prejudice, but no such repleading has occurred within the time allowed.

The First Amended Complaint contained claims under 42 U.S.C. § 1983, but following the Court's rulings, there is remaining only the state law cause of action for ordinary negligence. This court must now decide sua sponte whether to exercise supplemental jurisdiction over this remaining claim.

I.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 1 (1994).  As such, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

This action was originally brought in this Court pursuant to its subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).  Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction and has discretion to dismiss state claims where, as here, it has dismissed all claims over which it has federal question jurisdiction.[1]

In determining whether to exercise supplemental jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks and citation omitted).  For example, the District Court of Maryland declined to remand a case to state court after all federal claims had been dismissed, finding that the case did not appear to "involve state-law questions of first impression or unsettled, policy-laden matters best left to the expertise of Maryland courts." *Hall*

---

[1] There is no allegation supporting diversity of citizenship jurisdiction.

*v. Greystar Mgmt. Servs., L.P.*, 179 F. Supp. 3d 534, 538 (D. Md. 2016). Rather, the case "involve[d] a straightforward application of hornbook tort law to an uncomplicated fact pattern," and the federal court was "fully competent to preside over such a matter." *Id.*, *see also Oliver v. Bartholomew*, 785 F. App'x 166, 167 (4th Cir. 2019) (unpublished) (holding that all factors weighed in favor of the district court retaining supplemental jurisdiction, including the fact that the plaintiff "brought the claims in federal court in the first instance, the factual allegations supporting the state law claims were identical to the allegations supporting the federal claims, the issues had already been briefed, and the state law questions were not novel or complex.").

The present case does not involve unsettled matters of state law or policy that would disturb principles of comity. Regarding judicial economy, the issues in the present case have already been briefed extensively before this court. Further, no party has asserted that this court's continued jurisdiction over the matter would result in undue inconvenience or unfairness, and none appears to the Court.

II.

For these reasons, I determine that based on 28 U.S.C. § 1367(a), the Court has subject-matter jurisdiction to resolve this case. The Clerk is directed to terminate as parties all defendants <u>except</u> Olivia Nickels, Maria Pereira, and Bristol Women's

Health, PLLC.  The Court intends to enter a scheduling order and set the case for jury trial.

It is so **ORDERED**.

ENTER: December 12, 2025

/s/  JAMES P. JONES
Senior United States District Judge